IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN L. JERMAN, | ) | CASE NO. 1:06-CV-01397 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| CARLISLE, McNELLIE, RINI, KRAMER & ULRICH, et al. | ) | **MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |

Now come Defendants, Adrienne S. Foster, Esq. and the law firm of Carlisle, McNellie, Rini, Kramer & Ulrich (hereinafter collectively referred to as "Attorney Foster"), by and through counsel, and move this Court to dismiss the complaint of Plaintiff Karen L. Jerman in its entirety under Fed. R. 12(b)(6). As grounds for this motion, Attorney Foster submits that in construing all material allegations in the complaint as true, it is beyond doubt that Plaintiff cannot prove any set of facts in support of her claims that would entitle her to relief. A brief in support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ George S. Coakley*
GEORGE S. COAKLEY (0020419)
JAMES O'CONNOR (0063428)
Reminger & Reminger, Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
216/430-2160; 216/430-2291 (fax)
gcoakley@reminger.com
joconnor@reminger.com

*Attorneys for Defendants Carlisle, McNellie,
Rini, Kramer & Ulrich and Adrienne S. Foster*

**BRIEF IN SUPPORT**

I.      **INTRODUCTION & RELEVANT ALLEGATIONS OF COMPLAINT**

According to Plaintiff's complaint, on or about April 17, 2006, Attorney Foster filed a foreclosure complaint against Plaintiff on behalf of her client, Countrywide Home Loans, Inc., in the Ashtabula County Court of Common Pleas, Case No. 06 CV 0459. (See Plaintiff's complaint at ¶ 7). On or about April 20, 2006, Plaintiff was served with the summons and foreclosure complaint. (Complaint at ¶ 8). The summons directed Plaintiff that she had 28 days to answer the complaint. (Complaint at ¶ 8). Attached to the complaint was a "Notice under the Fair Debt Collection Practices Act," which provided, among other things, that "the debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor(s), or either one of them, within thirty (30) days after receipt of this notice, dispute, in writing, the validity of the debt or some portion thereof." (Complaint at ¶ 9).

On June 7, 2006, Plaintiff filed the instant complaint. Plaintiff's complaint asserts two claims, one under the federal Fair Debt Collection Practices Act ("FDCPA"), and the other under the Ohio Consumer Sales Practices Act ("OCSPA"). Both claims are based on the same two allegations: (1) that the 30 days to dispute the debt under the validation notice was contradicted or "overshadowed" by the 28 days to answer the complaint; and (2) that § 1692g(a)(3) of the FDCPA does not require a dispute of a debt to be "in writing." Moreover, the complaint is an alleged class action.

II.     **NARROWING OF ISSUES PRIOR TO CASE MANAGEMENT CONFERENCE**

Per the Court's Notice of Case Management Conference filed on July 6, 2006, counsel conferred on August 17, 2006 about various issues and proposed deadlines. As a result of those discussions, counsel agreed to the narrowing of the issues alleged in the complaint as follows:

> The parties agree that defendants will file a motion to dismiss on whether representing to consumers that debts will be assumed valid unless a written dispute is made is a violation of 15 U.S.C. § 1692g and/or the Ohio Consumer Sales Practices Act, R.C. § 1345.01 *et*

*seq.*, and that these are the **only issues** before the Court. (Emphasis added).[1]

See Report of Parties' Planning Meeting Under Fed. R. Civ. P. 26(f) and LR 16.3(b) filed August 22, 2006. At the case management conference on August 25, 2006, the Court ordered that the motion to dismiss be filed by September 22, 2006.

### III. LAW & ARGUMENT

#### A. Standard For Motion To Dismiss.

A motion to dismiss is appropriate when, in construing all material allegations in a complaint with all reasonable inferences drawn in favor of the non-moving party as true, it is beyond doubt that a plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *See York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143.

#### B. Plaintiff's FDCPA Claim Fails Because The 6th Circuit Court of Appeals Has Held That A Validation Notice Requiring That A Dispute Of A Debt Be In Writing Does Not Violate The FDCPA.

Plaintiff alleges that Attorney Foster violated § 1692g(a)(3) of the FDCPA because the validation notice in question provided that a dispute of the debt be in writing.[2] § 1692g(a)(3) provides, in pertinent part:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> * * *
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

---

[1] Specifically, Plaintiff is withdrawing the "overshadowing" claim alleged in count 1 of the complaint.

[2] The validation notice is attached as Exhibit A to Plaintiff's Complaint. The language that is allegedly violative of the FDCPA is contained in paragraph 3: "The debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor(s), or either one of them, within thirty (30) days after the receipt of this notice, dispute, **in writing**, the validity of the debt or some portion thereof . . ." (Emphasis added).

3

Plaintiff's complaint fails as a matter of law because the 6th Circuit Court of Appeals has previously approved of validation notices requiring that a dispute of a debt be in writing. In *Savage v. Hatcher,* 109 Fed.Appx. 759 (6th Cir. 2004) (copy attached as Exhibit A for the Court's convenience), the 6th Circuit Court of Appeals held that a validation notice that provides dispute of a debt be "in writing" does not violate the FDCPA. The facts in *Savage* were identical to the issue before this Court, i.e., whether a validation notice providing that a debt be disputed in writing violates the FDCPA. Although the trial court found that "[t]his language does not expressly require that a debtor's dispute be in writing. ...**the requirement of a writing does not render [defendant's] validation notice invalid**." (Emphasis added). *See Savage v.* Hatcher, 2002 WL 484986 at *4 (S.D.Ohio 2002); *see also Diamond v. Corcoran*, 1992 U.S. Dist. Lexis 22793 at *5-6 (W.D. Mich. 1992) (copies attached as Exhibits B and C).

Simply, the trial court followed the 3rd Circuit Court of Appeals' decision in *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) (copy attached as Exhibit D). In *Graziano*, the court held that:

> ... a consumer's dispute of a debt *must be in writing* to be effective. In addition, a written dispute of a debt collection is preferred in courts because it creates a lasting record of the debt and avoids potential conflicts. Further, other sections of the Act pertaining to the validation notice, specifically §§ 1692g(a)(4) and (a)(5), require that any dispute, to be effective, must be in writing. Therefore, [defendant's] validation notice will not be ruled ineffective merely because it requires a dispute of the debt to be in writing. As such, [defendant's] letter comports with § 1692g because the letter contains a validation notice that complies with the FDCPA's requirements. (Emphasis in original, citations omitted) *Savage* at *4.

The 6th Circuit Court of Appeals, in upholding the trial court's dismissal of the plaintiff's claim brought under 1692g(a)(3), stated:

> With respect to Savage's allegation that the two letters sent by the defendants violated Section 1692*g* - "validation of debts" - we have carefully considered the pleadings, the statute, and the relevant case law, and **we are satisfied that the district court properly granted the defendants' motion for judgment on the pleadings.** Section 1692g(a) requires debt collectors to provide certain notification to consumer debtors. 15 U.S.C. § 1692g(a). In determining whether a

4

> debt collector has complied with the requirements of Section 1692g(a), we apply an objective test based on the understanding of the "least sophisticated debtor." *Smith v. Computer Credit, Inc.,* 167 F.3d 1052, 1054 (6th Cir.1999). To satisfy the requirements of Section 1692g(a), a debt collector's notice "must 'effectively convey' the notice to the debtor." *Id.* (citation omitted). It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor. *See, e.g., id.; Smith v. Transworld Sys., Inc.,* 953 F.2d 1025, 1029 (6th Cir.1992). **We have carefully reviewed the notice provided to Savage, and we are satisfied that the defendants met their burden under Section 1692g(a).** (Emphasis added). *Savage*, 109 Fed.Appx. at 762.

Simply, based on the 6th Circuit Court of Appeals' decision in *Savage*, the validation notice sent by Attorney Foster containing the words "in writing" did not constitute a violation of § 1692g(a)(3) of the FDCPA.

Notwithstanding the 6th Circuit Court of Appeals' decision in *Savage*, Plaintiff's complaint cites to the 9th Circuit Court of Appeals' decision in *Camacho v. Bridgeport*, 430 F.3d 1078 (9th Cir. Cal. 2005) as a basis for her FDCPA cause of action. (Complaint at ¶ 24). Nevertheless, even if this Court were to find the reasoning in the *Camacho* decision persuasive, Attorney Foster cannot be held to have violated the FDCPA as a matter of law because the 6th Circuit's decision in *Savage* is binding precedent in the U.S. District Court for the Northern District of Ohio.

As discussed above, the 6th Circuit Court of Appeals' decision in *Savage* provides attorneys in Ohio with guidance on whether a validation notice may contain the words "in writing." Moreover, *Camacho* is not, and has never been, binding case law authority in Ohio, and it does not overrule or supersede the *Savage* decision. Thus, even if this Court were to agree with the reasoning in *Camacho*, Attorney Foster's alleged violation cannot, as a matter of law, be found to have been in violation of the FDCPA.

### D. Plaintiff's OCSPA Claim Fails As A Matter Of Law Because Attorney Foster Did Not Violate The FDCPA.

Plaintiff's second claim for relief alleges that Attorney Foster violated the OCSPA because the validation notice sent pursuant to the FDCPA contained the words "in writing." Nevertheless,

5

since the words "in writing" do not violate the FDCPA, they cannot, as a matter of law, constitute a violation of the OCSPA.

In *Federal Home Loan Mortgage Corp. v. Lamar,* 2006 WL 2422903 (N.D. Ohio 2006) (copy attached hereto as Exhibit E for the Court's convenience), the plaintiff brought claims under both the FDCPA and OCSPA.[3]  The court, in dismissing the plaintiff's OCSPA claim as a matter of law, held:

> [Plaintiff] offers no evidence in support of her claim that [defendant] violated the OCSPA, other than the allegation that [defendant] violated the FDCPA.  Because there is no FDCPA violation, there is nothing to sustain the claim.  Accordingly, [defendant] is entitled to summary judgment....

Likewise, in this case, Plaintiff's claim that Attorney Foster violated the OCSPA is based solely on her assertion that the validation notice should not have contained the words "in writing" pursuant to the FDCPA.  Plaintiff makes no other claim that Attorney Foster violated the OCSPA.  Thus, because Attorney Foster did not violate the FDCPA pursuant to the 6th Circuit Court's decision in *Savage*, Plaintiff's OCSPA claim fails as a matter of law.[4]

## IV.  **CONCLUSION**

Based on the foregoing, it is beyond doubt that Plaintiff Karen L. Jerman cannot prove any set of facts in support of her claims under either the FDCPA or the OCSPA.  As such, it is respectfully requested that this Court dismiss Plaintiff's complaint in its entirety.

---

[3] The Court will note that the Lerner Sampson validation notice that was at issue in *Lamar* contained the same "in writing" language as the Carlisle McNellie notice. It does not appear that Lamar raised the "in writing" claim that has been asserted here.

[4] Plaintiff's OCSPA claim fails on an additional ground.  In *Kafele v. Frank & Wooldridge*, 108 Fed.Appx. 307 (6th Cir. 2004) (copy attached as Exhibit F), the 6th Circuit Court of Appeals held that a home mortgage loan transaction is not a consumer transaction under the OCSPA.  Therefore, the collection of a debt involving a mortgage loan transaction does not implicate the OCSPA because the underlying transaction is not within the ambit of the OCSPA.

Respectfully submitted,

*/s/ George S. Coakley*
GEORGE S. COAKLEY (0020419)
JAMES O'CONNOR (0063428)
Reminger & Reminger, Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
216/430-2160; 216/430-2291 (fax)
gcoakley@reminger.com
joconnor@reminger.com

*Attorneys for Defendants Carlisle, McNellie,
Rini, Kramer & Ulrich and Adrienne S. Foster*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September 2006, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ George S. Coakley*
GEORGE S. COAKLEY (0020419)
JAMES O'CONNOR (0063428)