IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN L. JERMAN, | ) CASE NO. 1:06-CV-01397 |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) **REPLY BRIEF IN SUPPORT OF MOTION** |
| CARLISLE, McNELLIE, RINI, KRAMER & ULRICH, *et al*. | ) **TO DISMISS** |
| Defendants. | ) |

Defendants Adrienne S. Foster, Esq. and the law firm of Carlisle, McNellie, Rini, Kramer & Ulrich reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss as follows.

Simply, Defendants filed their motion to dismiss Plaintiff's FDCPA claim based on the Sixth Circuit Court of Appeals' decision in *Savage v. Hatcher*, 109 Fed.App. 759. In *Savage*, the Sixth Circuit court dealt with the exact same issue as in this case. In so doing, the Sixth Circuit specifically upheld the district court's finding that although the language of § 1692g(a)(3) of the FDCPA "…does not expressly require that a debtor's dispute [of a debt] be in writing. … the requirement of a writing does not render [the defendant's] validation notice invalid." *See Savage v. Hatcher*, 2002 WL 484986 (S.D. Ohio 2002) at *4, *aff'd*, 109 Fed. Appx. 759, 762.

In so holding, the *Savage* court reasoned that as a general rule "… a written dispute of a debt collection is preferred in courts because it creates a lasting record of the debt and avoids potential conflicts. Further, other sections of the [FDCPA] Act pertaining to the validation notice, specifically §§ 1692g(a)(4) and (a)(5), require that any dispute, to be effective, must be in writing. Therefore, [a] validation notice will not be ruled ineffective merely because it requires a dispute of the debt to be in writing." *Id.*

In her brief in opposition, Plaintiff maintains that because *Savage* is not technically a published decision, it has no precedential value and, as such, this Court should not consider it as either binding or persuasive authority. Rather, Plaintiff argues that instead of following a Sixth Circuit's decision, which is directly on point with the case *sub judice*, this Court should look to a rogue decision from the Ninth Circuit Court of Appeals in California, a decision that has not been adopted by a single other circuit court.

Plaintiff is mistaken as to the precedential value of *Savage* within the Sixth Circuit. Indeed, the Sixth Circuit Rules specifically address the precedential value of unpublished decisions. Rule 28(g) states in pertinent part:

> Citation of unpublished decisions in briefs and oral arguments in the Court and the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. **If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court . . .** (Emphasis added).

As a practical matter it is commonplace for the Sixth Circuit and the district courts to cite to unpublished decisions as authority. See *In re Braddy*, 195 B.R. 365, 370 (E.D.Mich. 1996). In so doing, the Sixth Circuit court will sometimes explicitly refer to Rule 28(g), but more often than not, the Sixth Circuit will simply cite to its unpublished decisions as binding and/or persuasive authority. *Id.* Thus, even though *Savage* is an unreported decision, *Savage* certainly has precedential value under Rule 28(g), especially where there are no published decisions on the issue within the Sixth Circuit.[1]

Indeed, the precedential value of the *Savage* decision is particularly important given the increasing amount of litigation recently engendered by the FDCPA, and the fact that debt collectors are desperately seeking guidance from courts within their jurisdiction on how to proceed under the

---

[1] The Court should note that the proposed amendment to current Sixth Circuit Rule 28(g) recognizes the realities of relying on unpublished decisions. The new rule would simply read: "Citation of unpublished opinions is permitted. FRAP 32.1(b) applies to all such citations."

FDCPA. In this age of internet research, where unpublished opinions are as readily accessible as published decisions, for debt collectors to disregard an unpublished decision that is directly on point, such as *Savage,* would be to effectively prevent debt collectors from safely operating within the bounds of Sixth Circuit jurisprudence.

In this case, the litany of tedious and tenuous arguments made by Plaintiff in support of her FDCPA claim all rely on the use of two words "in writing" and a single decision out of the Ninth Circuit in California, *Camacho v. Bridgeport*, 430 F.3d 1078 (9th Cir. Cal. 2005). Contrary to Plaintiff's assertion that courts around the country are trending towards the *Camacho* decision, the fact is that not a single other circuit court has adopted its holding or liberal reasoning. In the meantime, however, both the Third and Sixth Circuits, courts every bit as competent as the Ninth Circuit, have analyzed this issue, and have found that although a notice may require a writing, it still effectively conveys a proper notice of rights to "the least sophisticated debtor" and, consequently, does not violate the FDCPA.

Thus, based on the sound reasoning in *Savage* and *Federal Home Loan Mortgage Corp. v. Lamar,* 2006 WL 2422903 (N.D. Ohio 2006), Defendants submit that Plaintiff's FDCPA and OCSPA claims both fail as a matter of law. As such, Plaintiff's complaint should be dismissed in its entirety.

        Respectfully submitted,

        */s/ George S. Coakley*
        GEORGE S. COAKLEY (0020419)
        JAMES O'CONNOR (0063428)
        Reminger & Reminger, Co., L.P.A.
        1400 Midland Building
        101 Prospect Avenue, West
        Cleveland, Ohio 44115
        216/430-2160; 216/430-2291 (fax)
        gcoakley@reminger.com
        joconnor@reminger.com

        *Attorneys for Defendants Carlisle, McNellie, Rini, Kramer & Ulrich and Adrienne S. Foster*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of November 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      */s/ George S. Coakley*
                                      GEORGE S. COAKLEY (0020419)
                                      JAMES O'CONNOR (0063428)