**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Karen L. Jerman,** | ) | **CASE NO. 1:06 CV 1397** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Carlisle, McNellie, Rini, Kramer** | ) | **Memorandum of Opinion and Order** |
| **& Ulrich, et al.,** | ) | |
| **Defendants.** | ) | |

### Introduction

This matter is before the Court upon defendants' Motion to Dismiss. This case alleges a violation of the federal Fair Debt Collection Practices Act. For the following reasons, the motion is DENIED.

### Facts

Plaintiff, Karen L. Jerman, filed this Class Action Complaint against defendants, Carlisle, McNellie, Rini, Kramer & Ulrich and Adrienne S. Foster. The Complaint alleges that on April 17, 2006, defendants filed a foreclosure action against plaintiff on behalf of Countrywide Home Loans, Inc. in the Ashtabula County Court of Common Pleas. Attached

to the state court complaint was a form Notice Under the Fair Debt Collection Practices Act (hereafter, the form validation notice), which provided, among other things, "the debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor(s), or either one of them, within thirty (30) days after receipt of this notice, dispute, in writing, the validity of the debt or some portion thereof."

The Complaint sets forth two claims. Count One alleges a violation of the federal Fair Debt Collection Practices Act (FDCPA). Count Two alleges a violation under the Ohio Consumer Sales Practices Act (OCSPA). Both claims are premised on the allegation that the form validation notice is defective in two ways. First, representing to consumers that the debt will be assumed valid unless *written* dispute has been made violates 15 U.S.C. § 1692g. Second, failing to make clear that the 30 days given to dispute the debt does not alter the 28 day deadline to answer the complaint constitutes language that "overshadows or contradicts other language informing a consumer of her rights" and, thus, violates the FDCPA.

The parties' August 22, 2006 Report of Parties' Planning Meeting states, "The parties agree that defendants will file a motion to dismiss on whether representing to consumers that debts will be assumed valid unless a written dispute is made is a violation of 15 U.S.C. § 1692g and/or Ohio Consumer Sales Practices Act, R.C. § 1345.01 *et seq.,* and that these are the only issues before the Court."

Accordingly, this matter is before the Court upon defendants' Motion to Dismiss. The sole issue before the Court is whether defendants violated the FDCPA and/or OCSPA by representing that a debt will be assumed valid unless a written dispute is made.

**Standard of Review**

When considering a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687 (6th Cir. 1999). The complaint is only to be dismissed if the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41 (1957), *Hammond v. Baldwin,* 866 F.2d 172 (6th Cir. 1989). However, the complaint must set forth "more than the bare assertion of legal conclusions. *In Re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988).

**Discussion**

The FDCPA provides in pertinent part:

**§ 1692g. Validation of debts**

(**a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692g(a)(3).

Plaintiff asserts that defendants violated this section by misrepresenting plaintiff's rights in the disclosure statement that Congress requires debt collectors to provide when they begin collecting a debt. Plaintiff asserts that defendants altered the substance of the

3

disclosure that § 1692g(a)(3) requires.  In particular, while the statute imposes no restriction on whether a dispute may be conveyed orally or in writing, the form validation notice sent by defendants expressly limited plaintiff to disputing a debt in writing.  Plaintiff argues that this alteration of the statutory disclosure violates the FDCPA.

Defendants argue that plaintiff's FDCPA claim fails because the Sixth Circuit held in *Savage v. Hatcher,* 109 Fed. Appx. 759 (6th Cir. 2004), that a form validation notice requiring that a dispute of a debt be in writing does not violate the FDCPA. Plaintiff argues that this Court should not follow *Savage*.  For the following reasons, this Court agrees that *Savage* does not compel dismissal of the Complaint.

The district court's opinion in *Savage* recites the debt collector's letter which contains the following paragraph:

> I will assume all portions of this debt to be valid unless you dispute the validity of this debt or any portion thereof within thirty (30) days of the date you receive this letter. If you dispute the validity of this debt, you must notify me, in writing, within the time stated, that you dispute this debt.

*Savage v. Hatcher,* 2002 WL 484986 (S.D.Ohio March 7, 2002).  The district court then considered whether defendants' demand that plaintiff notify defendants in writing of any dispute violates the FDCPA, thus rendering the notice ineffective.  The court acknowledged that the language of § 1692g(a)(3) does not expressly require that a debtor's dispute be in writing, but nevertheless concluded that " the requirement of a writing does not render [defendant's]  validation notice invalid."  In doing so, the court recited in painstaking detail that the defendant's request for payment of the debt was in the form of a dated letter addressed to plaintiff, printed on defendant's stationery and contained defendant's contact information.  The letter also included a heading which provided the check number, the

4

amount of the check, the defendant's file number for the case, and the information about a $25.00 administrative charge. The court additionally referred to the Third Circuit's 1991 decision in *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir.1991), where the court held a consumer's dispute of a debt must be in writing to be effective, that a written dispute of a debt collection is preferred in courts because it creates a lasting record of the debt and avoids potential conflicts, and other sections of the FDCPA pertaining to the validation notice, specifically §§ 1692g(a)(4) and (a)(5), require that any dispute, to be effective, must be in writing. The district court, accordingly, concluded that defendant's validation notice would not be ruled ineffective merely because it required a dispute of the debt to be in writing and, thus, the letter comported with § 1692g because the letter contained a validation notice that complied with the FDCPA's requirements.

On appeal, the Sixth Circuit did not specifically mention the "in writing" controversy, nor did it refer to *Graziano.* Rather, that portion of the opinion addressing the alleged violation of § 1692g states:

> With respect to [plaintiff's] allegation that the two letters sent by the defendants violated Section 1692g–'validation of debts'--we have carefully considered the pleadings, the statute, and the relevant case law, and we are satisfied that the district court properly granted the defendants' motion for judgment on the pleadings. Section 1692g(a) requires debt collectors to provide certain notification to consumer debtors. 15 U.S.C. § 1692g(a). In determining whether a debt collector has complied with the requirements of Section 1692g(a), we apply an objective test based on the understanding of the 'least sophisticated debtor.' *Smith v. Computer Credit, Inc*., 167 F.3d 1052, 1054 (6th Cir.1999). To satisfy the requirements of Section 1692g(a), a debt collector's notice 'must effectively convey the notice to the debtor.' *Id*. It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor. *See, e.g., id.; Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir.1992). We have carefully reviewed the notice provided to Savage, and we are satisfied that the defendants met their burden under Section 1692g(a).

5

*Savage,* 109 Fed. App. at 762.

Thus, contrary to defendants' assertion herein that the Sixth Circuit has "analyzed this issue," the appellate decision in *Savage* did not examine the *in writing* requirement. Rather, the Sixth Circuit applied an objective test and determined that a dated letter printed on the debt collector's stationery, containing defendant's contact information, addressed to plaintiff, and which included a heading which provided the check number, the amount of the check, the defendant's file number for the case, and the information about a $25.00 administrative charge effectively conveyed notice of rights to the debtor.

Nevertheless, to the extent the Sixth Circuit opinion could be interpreted to permit a writing requirement, *Savage* is not a reported decision and does not carry the precedential value encouraged by defendants. Therefore, it is incumbent upon this Court to independently examine this issue.

Some district courts have followed the Third Circuit's reasoning in *Graziano* and have determined that a writing is required to effectively dispute a debt and, thus, a writing requirement is implied in § 1692g(a)(3). *See, for e.g., Ingram v. Corporate Receivables, Inc.,* 2003 WL 21018650 (N.D. Ill. May 3, 2003), *Castillo v. Carter,* 2001 WL 238121 (S.D. Indiana Feb. 28, 2001) and *Sturdevant v. Thomas E. Jolas, P.C.,* 942 F.Supp. 426 (W.D.Wisc. 1996).

The majority of district courts, however, have disagreed with *Graziano* and have concluded that § 1692g(a)(3) does not impose a writing requirement on consumers. These courts have acknowledged that the plain language of subsection (a)(3) does not require that the consumer dispute the validity of the debt in writing and, consequently, any preference for

6

writing should not override Congress's intent as evidenced by its chosen language. *See, for e.g., Vega v. Credit Bureau Enters.,* 2005 WL 711657 (E.D. N.Y. March 29, 2005), *Rosado v. Taylor,* 324 F.Supp.2d 917 (N.D.Ind. 2004), *Walters v. PDI Mangagement Services,* 2004 WL 1622217 (S.D. Ind. April 6, 2004), *Nasca v. GC Services Limited Partnership,* 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), *Spearman v. Tom Wood Pontiac-GMC, Inc.,* 2002 WL 31854892 (S.D.Ind. Nov. 4, 2002), *Ong v. American Collections Enterprise,* 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999) and *Reed v. Smith, Smith & Smith,* 1995 WL 907764 (M.D. La. Feb. 8, 1995).

More recently, and since the issuance of these district court opinions, the Ninth Circuit decided in *Camacho v. Bridgeport Financial, Inc.,* 430 F.3d 1078 (9th Cir. 2005), that a debt collector's notice violates the FDCPA in so far as it states that disputes of validity of debts must be in writing. *Camacho* expressly disagreed with *Graziano* because the court concluded that "we must give effect to the plain meaning of the statute." *Id.* at 1080. The court stated,

> 'When the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms.' (citing *Lamie v. United States Trustee*, 540 U.S. 526 (2004) ) The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written 'dispute,' while debtors can trigger the rights under subsections (a)(4) and (a)(5) only through written dispute.
> 
> \*\*\*
> 
> If Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a). *See* 15 U.S.C. § 1692g(a)(4), (5) As in *Lamie*, the plain language of the text of § 1692g(a)(3) does not state that the consumer must dispute the debt in writing[.]
> 
> Further, the plain meaning of subsection (a)(3) does not lead to absurd results because an oral dispute triggers multiple statutory protections. ...
> 
> Oral dispute of a debt precludes the debt collector from communicating the debtor's

7

> credit information to others without including the fact that the debt is in dispute. 15 U.S.C. § 1692e(8); *Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir.1998). Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute. 15 U.S.C. § 1692h. Moreover, a debtor's oral notification to a debt collector entitles a debtor to relief under § 1692c(a)(1), which bars communication with a debtor at 'a time or place known or which should be known to be inconvenient to the consumer.' 15 U.S.C. § 1692c(a)(1).

*Id.* at 1081-1082. The court, therefore, concluded that while policy considerations may weigh in favor of *Graziano*'s interpretation, under *Lamie* a court can only insert language into a statute if the result of the statute's plain meaning is absurd. "Because we conclude that the FDCPA's statutory scheme, which assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing, is not absurd, we are not at liberty to insert any additional language." *Id.* at 1082.

Defendants herein assert that the Ninth Circuit decision is a "rogue" opinion, not followed by any circuit court. (Doc. 12 at 2) Nevertheless, this Court has not found any court that has disagreed with *Camacho*. In fact, the two district court decisions issued subsequent to *Camacho* have agreed with it and rejected *Graziano*. *Baez v. Wagner & Hunt, P.A.,* 422 F.Supp.2d 1273 (S.D. Fla. 2006)[1] and *Turner v. Shenandoah Legal Group, P.C.,* 2006 WL 1685698 (E.D. Va. June 12, 2006). It should also be recognized that *Camacho* was decided recently- on December 12, 2005.

This Court agrees with the majority of the district courts which have rejected

---

[1] Incidentally, *Baez* recognized that "the only circuit courts that have specifically addressed" the issue of whether a debt collection letter that requires a consumer to dispute a debt in writing violates the FDCPA "are the Third and Ninth Circuits." This reinforces this Court's interpretation that the Sixth Circuit in *Savage* failed to specifically address the issue.

8

*Graziano*, and it agrees with and adopts the reasoning of the Ninth Circuit in *Camacho*. The plain meaning of the statute is clear and unambiguous; subsection (a)(3) does not impose a writing requirement on consumers. Accordingly, this Court will not insert a writing requirement into the statute. This Court agrees with the Ninth Circuit that the plain meaning of the statute is neither absurd in its results nor contrary to legislative intent. For this reason, defendants' form validation notice violates the FDCPA in so far as it states that disputes must be made in writing.

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is denied.

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 11/21/06