IN THE UNITED STATES DISTRICT COURT
FOR THE NOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN L. JERMAN ) | |
| ) | CASE NO. 1:06-CV-01397 |
| Plaintiff, ) | |
| ) | |
| Individually and on behalf of ) | JUDGE PATRICIA A. GAUGHAN |
| others similarly situated, ) | |
| ) | **AMENDED CLASS ACTION** |
| ) | **COMPLAINT: UNFAIR DEBT** |
| ) | **COLLECTION PRACTICES** |
| vs. ) | |
| ) | |
| ) | |
| CARLISLE, McNELLIE, RINI, ) | |
| KRAMER & ULRICH, ) | |
| ) | |
| Defendants. ) | |

## I. JURISDICTION

1. This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d).

## II. INTRODUCTION

2. This action challenges deceptive, unfair and/or unconscionable collection practices pursuant to the FDCPA, 15 U.S.C. § 1692 *et. seq.*

## III. PARTIES

3. Plaintiff, Karen L. Jerman ("plaintiff"), is a person residing in Ashtabula County, Ohio, and is a consumer as defined in 15 U.S.C. § 1692a(3).

4. Defendant, Carlisle, McNellie, Rini, Kramer & Ulrich ("Carlisle McNellie"), is a law firm residing in Cuyahoga County, Ohio; a debt collector as defined in 15 U.S.C. § 1692a(4).

5. Defendant, Adrienne S. Foster ("Foster"), is an attorney for Carlisle McNellie residing in Cuyahoga County, Ohio; a debt collector as defined in 15 U.S.C. § 1692a(4).

6. Carlisle McNellie and Foster collectively are "defendants."

## IV. **CLASS FACTUAL ALLEGATIONS**

7. On or about April 17, 2006, defendants filed a foreclosure action against plaintiff's home on behalf of Countrywide Home Loans, Inc, in the Ashtabula County Court of Common Pleas, Case No. 06 CV 0459.

8. On or about April 20, 2006, plaintiff was served with the summons and complaint, which is to be responded to within twenty-eight (28) days. *See*, Ohio Civ. Rule 12(A)(1). Attached to the process was a form "Notice under the Fair Debt Collection Practices Act" ("form validation notice"), attached hereto as Exhibit A, which forms the basis of the class claims against defendants.

## V. **CLASS RULE ALLEGATIONS**

9. Plaintiff brings this action individually, and pursuant to Federal Civil Rules 23(a) and (b)(3). The class is defined as: all Ohio consumers who were sent from defendants at any time on or after June 6, 2005, the form validation notice.

10. The members of the class are so numerous that joinder of all parties is impracticable. At this time, the precise number cannot be determined. After preliminary investigation, and upon information and belief, there appears to be hundreds in the class.

11. There are questions of law or fact common to the class, including whether the form validation notice violates the FDCPA.

12. Plaintiff's claims are typical of the class members in that she alleges the same claims asserted on behalf of the class as a whole.

13. Plaintiff will fairly and adequately protect the interests of the class in that she has a personal desire to vindicate the rights of the class and she has retained competent counsel experienced with FDCPA litigation and class actions to represent the class.

14. Prosecution of separate actions by individual class members creates risk of individual adjudications that would, as a practical matter, be dispositive of the

interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

15. Prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for defendants who are expected to oppose the class.

16. Questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; all members of the class have a right to damages or other relief which may be readily computed in each case or otherwise readily determined.

17. Many of the persons with whom defendants have dealt, or who were affected by their activities, may not be aware of their rights, or are not in a financial position to assert such rights readily. Because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## VI. **CLAIM FOR RELIEF**

18. Plaintiff realleges and incorporates by references all of the allegations contained in the above paragraphs.

19. Defendants routinely attach the form validation notice to summons and complaints that are served upon consumers in foreclosure cases in Ohio.

20. The form validation notice states that "the debt described herein will be assumed to be valid by the Creditor's law firm, unless the debtor(s), or either one of them, within thirty (30) days after the receipt of this notice, dispute, in writing, the validity of the debt or some portion thereof."

21. Defendants violated plaintiff's and the classes' rights under the FDCPA in

3

several ways, including, but not limited to:

> a. Representing to consumers that the debt will be assumed valid unless a written dispute has been made in violation of 15 U.S.C. § 1692g. *Camacho v. Bridgeport Financial, Inc.,* 430 F.3d 1078 (9th Cir. 2005).
>
> b. Using false deceptive and/or misleading means and/or representations in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10).

22. As a result of defendants' actions and inactions, plaintiff and the class are entitled to relief as provided for by 15 U.S.C. § 1692k, statutory damages, actual damages, and attorney fees, and the costs of the action.

## VII. **DEMAND FOR RELIEF**

**WHEREFORE**, plaintiff demands that this Court enter judgment against defendants, jointly and severally, as follows:

> a. Enter an order that the class claims shall be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).
>
> b. Enter a judgment on behalf of plaintiff and the class against defendants, jointly and severally, for all actual damages to which she and the class are entitled.
>
> c. Enter a judgment against defendant and for the plaintiff granting her $1,000 statutory damages and granting the class statutory damages equal to $500,000.00 or 1% of defendants' net worth whichever is less pursuant to 15 U.S.C. § 1602k(a)(2)(B)
>
> d. Award plaintiffs attorneys' fees and costs.
>
> e. Grant plaintiff any all other relief that is proper.

4

Respectfully submitted,

/s/Edward A. Icove
Edward A. Icove
Icove Legal Group, Ltd.
550 Public Square, Suite 627
Terminal Tower
Cleveland, OH 44113
(216) 802-0000
(216) 802-0002 (fax)
E-mail: ed@icovelegal.com

/s/O. Randolph Bragg
O. Randolph Bragg
Craig M. Shapiro
Horwitz, Horwitz and Associates, Ltd.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, a complete copy of this document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this through the Court's system.

/s/ Edward A. Icove
Edward A. Icove