IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN JERMAN, INDIVIDUALLY AND ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> CARLISLE, MCNELLIE, RINI, KRAMER & ULRICH, and ADRIENE S. FOSTER, <br><br> Defendants. | CASE NO. 06-cv-03197-PAG <br><br> Judge Patricia A. Gaughan |

**PLAINTIFF'S MOTION FOR AN INCENTIVE AWARD**

Now comes Plaintiff, Karen L. Jerman ("Ms. Jerman"), by her undersigned counsel, and respectfully request that this Court award her $3,000.00 for an incentive award in prosecuting this case. The reasons why this motion should be granted are set forth in the accompanying memorandum.

                                                           Respectfully submitted,

                                                           /s/O. Randolph Bragg
                                                           O. Randolph Bragg, *pro hac vice*
                                                           Horwitz, Horwitz and Assoc.
                                                           25 E. Washington, Suite 900
                                                           Chicago, Illinois 60602
                                                           (312) 372-8822
                                                           (312) 372-1673 (Facsimile)
                                                           E-mail: rand@horwitzlaw.com

/s/ Edward A. Icove
Edward A. Icove (0019646)
Icove Legal Group, Ltd.
550 Public Square, Suite 627
Terminal Tower
Cleveland, OH 44113
(216) 802-0000
(216) 802-0002 (fax)
E-mail: ed@icovelegal.com

/s/ Stephen R. Felson
Stephen R. Felson (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio 45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Attorneys for Plaintiff and the Class

## MEMORANDUM IN SUPPORT

An incentive award to Ms. Jerman is fair and just.  Named plaintiffs "are eligible for reasonable incentive payments" and "[t]he district court must evaluate their awards individually, using 'relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... [and] the amount of time and effort the plaintiff expended in pursuing the litigation ...." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (*citing Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). "Federal courts consistently approve incentive awards in class action lawsuits, to compensate named plaintiffs for the services they provide and burdens they shoulder during litigation." *Henderson v. Eaton*, No. 01-0138, 2002 WL 31415728, *6, 2002 U.S. Dist. LEXIS 20840, *17-*18 (E.D. La., Oct. 25, 2002).

Additional compensation for the class representative's services is not unusual in

class actions. Awards to named plaintiffs are appropriate compensation for the time and expense they incur in serving as class representatives. The consumers who fight on behalf of an entire class should be reasonably compensated for their efforts.  "Payments of up to $5,000 should not require over particularized court examination before approval.  In most cases, payments below that amount can be justified by the bare fact that the class representative consented to act on behalf of the absent class members, assuming the fiduciary responsibilities and inconveniences that accompany that role." Guideline 5, *NACA Class Action Guidelines, Second Edition* (2006), 255 F.R.D. 215, 238 (March 1, 2009). *Also found at*  http://www.naca.net/_assets/media/Revised Guidelines.pdf.

Many district courts have approved incentive awards in FDCPA class action lawsuits. *See, e.g.*, *Gross v. Washington Mut. Bank, F.A.*, No. 02 cv 4135 (RML), 2006 U.S. Dist. LEXIS 16975, *18-*19 (E.D.N.Y. Feb. 9, 2006) (approving payment of $5,000 for the class representative's services in FDCPA class action); *Purdie v. Ace Cash Express, Inc.*, No. 3:01-CV-1754L, 2003 U.S. Dist LEXIS 22547, *24-25 (N.D. Tex. Dec. 11, 2003) (in a case involving FDCPA claims the court approved combined incentive payments of $16,665 to the three named plaintiffs); *Smith v. Tower Loan of Miss., Inc.*, 216 F.R.D. 338, 367-68 (S.D. Miss. 2003) (the court approved special payments to the class representatives in a case involving FDCPA claims); *Tenuto v. Transworld Sys.*, No. 99-4228, 2002 U.S. Dist. LEXIS 1764, *13-*14 (E.D. Pa., Jan. 31, 2002) (FDCPA class action where court awarded an incentive payment of $2,000 to the named plaintiffs.); *Hall v. Midland Group*, No. 99-3108, 2000 U.S. Dist LEXIS 16751, *25 (E.D. Pa., Nov. 20, 2000) ($2,000 incentive payment awarded) (*citing Smithkline Beckman*, 751 F. Supp. at 535); *In re Marine Midland Motor Vehicle Leasing Litig.*, 155 F.R.D. 416, 422 (W.D.N.Y. 1994) (involving an FDCPA

claim); *Smith v. First Union Mortgage Corp.*, No. 98-cv-5360, 1999 U.S. Dist. LEXIS 18299, *1 (E.D. Pa., Dec. 1, 1999) (approving an incentive award to two class representatives in an FDCPA class action settlement).

Recognizing her responsibilities as the representative plaintiff, Ms. Jerman has taken significant actions to protect the interests of the class.  She selected counsel qualified and experienced in unfair debt and other consumer litigation, including class action lawsuits.  She consented to act on behalf of the absent class members, assuming the fiduciary responsibilities and inconveniences that accompany that role.  In this regard, Ms. Jerman elected to file the lawsuit as a class action in order to represent the interests of the putative class members.  Jerman Declaration [Doc. 45-2].

Ms. Jerman also traveled to California to confer with attorneys and law students working on the Supreme Court brief.  Icove Declaration [Doc. 55-4].  Her persistence led to only the second FDCPA case ever to reach the Supreme Court, resulting in a truly landmark decision in favor of consumers, one that will prevent aggressive debt collectors like Defendants from benefiting financially from the excuse that they are blameless because they are "ignorant of the law."

Based on her involvement and participation in this case, the Court is requested to approve an incentive award for Ms. Jerman in the amount of $3,000 under the FDCPA.

    Respectfully submitted,

/s/ Stephen R. Felson
Stephen R. Felson (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
E-Mail: SteveF8953@aol.com

/s/ O. Randolph Bragg
O. Randolph Bragg, *pro hac vice*
Horwitz, Horwitz and Assoc.
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)
E-mail: rand@horwitzlaw.com

/s/ Edward A. Icove
Edward A. Icove (0019646)
Icove Legal Group, Ltd.
550 Public Square, Suite 627
Terminal Tower
Cleveland, OH 44113
(216) 802-0000
(216) 802-0002 (fax)
E-mail: ed@icovelegal.com

Attorneys for Plaintiff and the Plaintiff Class

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2011 this document was filed electronically.  Also, notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this through the Court's system.

/s/Edward A. Icove
Attorney for Plaintiff and the Class