IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN L. JERMAN,                    )        CASE NO. 1:06-CV-01397
Individually and on behalf of       )
Others similarly situated,          )
                                    )        JUDGE PATRICIA A. GAUGHAN
                 Plaintiffs,        )
                                    )
                                    )
        vs.                         )
                                    )
CARLISLE, McNELLIE, RINI,           )
KRAMER & ULRICH, *et al.*,          )
                                    )
                 Defendants.        )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3) ("FDCPA"). Plaintiff Karen L. Jerman ("Plaintiff") moves this Court for an award of costs, litigation expenses, and reasonable attorney fees.

## I.    PROCEDURAL HISTORY

On June 7, 2006, Plaintiff filed a class action complaint alleging, *inter alia*, that Defendants Carlisle, McNellie, Rini, Kramer & Ulrich and Adrienne S. Foster (hereinafter referred to as "Carlisle") violated the FDCPA, 15 U.S.C. §§1692 et seq. ("FDCPA").  (Doc. 1).

On September 22, 2006, Defendants filed a Motion to Dismiss.  (Doc. 9).  By Memorandum of Opinion and Order of November 22, 2006, Defendants' Motion to Dismiss was denied.  (Doc. 14).  *Jerman v. Carlisle*, 464 F.Supp.2d 720 (N.D. Ohio 2006). On December 4,

1

2006, Defendants filed their Joint Answer of Defendants.  (Doc. 15).

On January 5, 2007, Plaintiff filed her Amended Complaint. (Doc. 17).  On January 26, 2007, Defendants filed their Joint Answer to Amended Complaint. (Doc. 19). On March 1, 2007, Defendants filed their Motion for Summary Judgment. (Doc. 23).  By Order of March 15, 2007, Defendants' Motion to Stay Class Action Discovery was granted.  (No Doc. Number.)

By Memorandum of Opinion and Order of June 20, 2007, Defendants' Motion for Summary Judgment was granted.  (Doc. 31).  _Jerman v. Carlisle_, 502 F.Supp.2d 686 (N.D. Ohio 2007).  Judgment was entered for Defendants on June 20, 2007.  (Doc. 32).

Plaintiff's Notice of Appeal to the U.S. Court of Appeals for the Sixth Circuit was filed July 19, 2007.  (Doc.  33). On November 24, 2008, the Court of Appeals affirmed.  (Doc. 36). _Jerman v. Carlisle_, 538 F.3d 469 (6ᵗʰ Cir. 2008).

The U.S. Supreme Court granted Plaintiff's Petition for Writ of Certiorari.  (Doc. 38). On April 21, 2010, the Supreme Court held that a bona fide error defense in the FDCPA does not apply to violation of FDCPA resulting from a debt collector's incorrect interpretation of legal requirements of the Act and reversed and remanded the case.  (Doc. 39).  _Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA_, ___ U.S. ___, 130 S.Ct. 1605 (2010).

On remand, Plaintiff moved for certification of this matter as a class action on November 1, 2010.  (Doc. 45).  On December 14, 2010, this Court granted Plaintiff's Motion for Class Certification.  (Doc.  51).  _Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich_, 271 F.R.D. 572 (N.D. Ohio 2010).

On the parties' cross-Motions for Summary Judgment (Docs. 53 and 54), the Court granted Plaintiff's Motion on the underlying claim, granted Defendants' Motion on damages, and

denied "additional damages" on April 14, 2011.  (Doc. 59).  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich,* 2011 WL 1434679 (N.D. Ohio, April 14, 2011).  On April 19, 2011, judgment was entered for Plaintiff on the underlying claim, however, "additional damages" were denied. (Doc. 60).

Plaintiff now files her Motion for an Award of Costs and Attorneys' Fees.

## II.    STATEMENT OF FACTS

Plaintiff obtained judgment on the underlying claim but was denied an award of "additional damages."  Through the course of this litigation from this Court to the Supreme Court and back, Plaintiff and the class have been represented by several attorneys, each with distinct roles in this litigation. Edward A. Icove was the personal attorney for Plaintiff and local counsel responsible for assuring compliance with Local Rules and local practice as well as making appearances before the Court.  Stephen R. Felson and Kevin K. Russell were primarily responsible for the appellate work in this case.  In this Court, O. Randolph Bragg acted as co-lead counsel and was primarily responsible for both the class and merits issues of the litigation.

Mr. Icove expended 214.70 hours in representation of Plaintiff. See ¶10, Declaration of Edward A. Icove in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees. The reasonable hourly rate for an attorney with Mr. Icove's experience is $400.00.  ¶9.  An amount totaling $85,880.00 is sought as attorney fees for Mr. Icove's representation of the Plaintiff. ¶11. Mr. Icove seeks reimbursement of $2,616.97 in expenses in connection with the prosecution of this litigation. ¶12.

Stephen R. Felson expended 210.55 hours in representation of Plaintiff. See ¶5, Declaration of Stephen R. Felson. The reasonable hourly rate for an attorney with Mr. Felson's

experience is $400.00. ¶4. An amount totaling $81,020.00 is sought as attorney fees for Mr. Felson's representation of the Plaintiff. ¶5. Mr. Felson seeks reimbursement of $1,016.99 in expenses in connection with the prosecution of this litigation. ¶7.

Kevin K. Russell expended 254.9 hours in representation of Plaintiff. <u>See</u> ¶ 9, Declaration of Kevin K. Russell in Support of Plaintiffs' Motion for an Award of Costs and Attorney Fees. The reasonable hourly rate for an attorney of Mr. Russell's experience is $500.00. ¶ 13. An amount totaling $127,450.00 is sought as attorney fees for Mr. Russell's representation of the Plaintiff. ¶10. Mr. Russell seeks reimbursement of $5,011.80 expenses in connection with the prosecution of this litigation. ¶ 27.

Mr. Bragg expended 86.5 hours in representation of Plaintiff. <u>See</u> ¶9, Declaration of O. Randolph Bragg in Support of Plaintiffs' Motion for an Award of Costs and Attorney Fees. The reasonable hourly rate for an attorney of Mr. Bragg's experience in the Northern District of Ohio is $400.00. ¶14. An amount totaling $34,600.00 is sought as attorney fees for Mr. Bragg's representation of Plaintiff. ¶18. Mr. Bragg's associate, Craig Shapiro, spent 1.9 hours on this litigation. ¶10. The reasonable hourly rate for an attorney in the Northern District of Ohio with Mr. Shapiro's experience is $225.00. ¶15. The lodestar calculation for Mr. Shapiro's services is $427.50. Mr. Bragg's paralegal Shannon Carter, spent 2.2 hours on this litigation. ¶12. Work performed by Ms. Carter is billed at the hourly rate of $110.00. ¶17. The lodestar calculation for Ms. Carter's work totals $242.00. Mr. Bragg's firm expended $5,146.53 in costs and litigation expenses in the prosecution of this action. ¶ 20.

Plaintiff requests an award of attorney fees of $329,619.50, plus costs and litigation expenses of $13,792.29 for work performed prior to the preparation of this motion. Within seven

4

(7) days of the conclusion of briefing of this matter, Plaintiff's counsel will file supplemental declarations setting out the additional time and expenses expended on this matter.

## III.    STATEMENT OF QUESTION PRESENTED

Is Plaintiff entitled to an award of reasonable attorney fees and costs?

Plaintiff respectfully submits that this question should be answered in the affirmative.

## IV.    ARGUMENT

### A.    PLAINTIFF WAS SUCCESSFUL IN THIS ACTION.

The FDCPA requires the payment of costs and reasonable attorney fees to a successful consumer.

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3).

In litigation pursuant to the FDCPA, the Second Circuit stated: "Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee . . . ." *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2nd Cir. 1989).  The Sixth Circuit has reinforced this standard, stating that the "law does not require plaintiffs to recover 100% of what they sue for in order to be considered successful at trial." *Hamlin v. Charter Township of Flint*, 165 F.3d 426, 438 (6th Cir. 1999); see also *Krichinsky v. Knox County Schools*, 963 F.2d 847, 850 (6th Cir. 1992) (being deemed a prevailing party requires a resolution of the dispute which changes the legal relationship between the parties).

5

Plaintiff has changed the legal relationship between herself and the class she represents and Carlisle. This Court has held that Carlisle's verification notice stating that any dispute must be "in writing" violates the FDCPA, 15 U.S.C. § 1692g(a)(5).  The U.S. Supreme Court held that a mistaken interpretation of the FDCPA cannot form a bona fide error defense to a violation of the FDCPA.  Plaintiff was successful in this litigation by obtaining Judgment on "the underlying claim" (Doc. 60).  Plaintiff changed the legal relationship between the parties in a way that benefited her, the class, and all consumers. Thus, Plaintiff is entitled to an award of costs and reasonable attorneys' fees.

Given the structure of 15 U.S.C. § 1692k, attorney fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney fees as a means of fulfilling Congress' intent that the FDCPA should be enforced by debtors acting as private attorneys general.  *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  *See also DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

Plaintiff is the prevailing party in this litigation.  She was successful on all matters except the award of statutory damages:

- The appeal to the U.S. Supreme Court.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, 130 S. Ct. 1605 (2010).

- Carlisle's Motion to Dismiss. *Jerman v. Carlisle*, 464 F.Supp.2d 720 (N.D. Ohio 2006) (Doc. 14).

- Carlisle changed the unlawful form notice.  Carlisle changed the notice only after the filing of this litigation, and disagrees with this Court's ruling that disputes do not need to be "in writing." *Jerman v. Carlisle*, 464 F.Supp.2d 720 (N.D. Ohio 2006). Carlisle

6

changed the unlawful form notice because it "wanted to avoid the hassles."  McNellie Deposition at 53-54, 62, 78-80, 88 (Exhibit 1, attached hereto).  However, if Ms. Jerman had not pursued this matter to the end and obtained binding legal rulings, Carlisle would be free to re-impose its "in writing" requirement at any time and defend its action on the ground of a bona fide error, just as it did before.  Ms. Jerman has successfully stopped such misleading conduct with respect to herself, the class, and all consumers.

- Plaintiff's Motion for Class Certification.  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 271 F.R.D. 572 (N.D. Ohio 2010) (Doc. 51).

- Plaintiff's Motion for Summary Judgment on the underlying claim. (Doc. 59).  However, Defendants were successful on the damages issue as no "additional damages" were awarded.  (Doc. 59).  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 2011 WL 1434679 (N.D. Ohio, April 14, 2011).

The Second Circuit has previously held:  "We conclude that Emanuel is not entitled to actual or "additional" damages, but that, because we now find a violation, he should be awarded costs and reasonable attorney's fees in amounts to be fixed in the discretion of the district court."  *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989).   Likewise, Plaintiff should be awarded costs and reasonable attorney fees here.

### B.  PLAINTIFF'S ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.

The United States Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied

> by a reasonable hourly rate.  The calculation provides an objective basis on
> which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S.Ct. 1933, 1939; 76 L.Ed.2d 40 (1983).  Although

this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees

Award Act, 42 U.S.C. § 1988, these criteria are equally applicable here.  "The standards set forth

in this opinion are generally applicable in all cases in which Congress has authorized an award of

fees to a 'prevailing party.'"  *Id.* 103 S. Ct. at 1939, n.7.  Also, see:  *United Slate, Tile and*

*Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.,* 732 F.2d 495, 502 (6th Cir.

1984).  "We have stated in the past that fee-shifting statutes' similar language is `a strong

indication' that they are to be interpreted alike."  *Independent Federation of Flight Attendants v.*

*Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L.Ed.2d 639 (1989) (quoting *Northcross v.*

*Memphis Bd. of Education,* 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)).

The multiplication of the reasonable number of hours expended times the reasonable hourly rate

is referred to as the "lodestar."  *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999); *Wayne*

*v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994); *Student Public Interest Research Group v.*

*AT&T Bell Laboratories*, 842 F.2d 1436, 1441 (3d Cir. 1988).  The market value in the relevant

legal community of the legal services performed is used to determine a reasonable attorney fee.

Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *Northcross v. Board of*

*Educ. of Memphis*, 611 F.2d 624, 638 (6th Cir. 1979). "In communities, the marketplace has set a

value for the services of attorneys, and the hourly rate charged by an attorney for his or her

services will normally reflect the training, background, experience and skill of the individual

attorney." *Id.*  However, if the attorneys have no fee-paying clients, "the district court should look

to ... evidence of fee awards the attorney has received in similar cases." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1998).

In an FDCPA case in the Northern District of Ohio, the Court has approved an hourly rate of $394 per hour. *Livingston v. Cavalry Portfolio Services, LLC*, 2009 WL 4724268 (N.D.Ohio, Dec. 2, 2009). Hourly rates in the Northern District of Ohio for attorneys with experience commensurate with Messrs. Icove, Felson, and Bragg range from $400 to $625 per hour. See the Affidavits of Bruce B. Elfvin and Ronald Burdge.

In this case, four attorneys, each with distinct roles, represented Plaintiff and the class in this lawsuit.

### 1.      <u>Edward A. Icove</u>

The personal attorney for Plaintiff was Edward A. Icove. Mr. Icove also acted as lead counsel and local counsel and was responsible for assuring compliance with Local Rules and local practice as well as making appearances before this Court. Mr. Icove also was responsible for and participated in the appeals of this case to the Sixth Circuit and the U.S. Supreme Court.

Edward A. Icove's time in this litigation totaled 214.70 hours. This amount of time is reasonable. The hourly rate of $400.00 requested by Mr. Icove is appropriate for an attorney with his experience in this type of litigation. *Livingston v. Cavalry Portfolio Services, LLC*, *supra*, 2009 WL 4724268 at * 6. See the Affidavits of Bruce B. Elfvin and Ronald Burdge. The lodestar calculation for the efforts of Edward A. Icove in this litigation is $85,880.00. (Declaration of Edward A. Icove, ¶9) Mr. Icove applies for reimbursement of $2,616.97 in expenses in connection with the prosecution of this litigation.

### 2.    Stephen R. Felson

Stephen R. Felson was one of Plaintiff's appellate attorneys; he wrote both briefs in the U.S. Court of Appeals for the Sixth Circuit and argued the case for Plaintiff in that Court. Mr. Felson has also participated in the litigation of this case before this Court upon the remand from the Supreme Court and the Sixth Circuit.

Stephen R. Felson's time in this litigation totaled 210.55 hours, to and including April 26, 2011.  Felson Declaration, ¶5.  This amount of time is reasonable.  The hourly rate of $400.00 requested by Mr. Felson is appropriate for an attorney with his experience in this type of litigation.  *Livingston v. Cavalry Portfolio Services, LLC*, *supra* 2009 WL 4724268 at * 6.  See the Affidavits of Bruce B. Elfvin and Ronald Burdge.  The lodestar calculation for the efforts of Mr. Felson in this litigation is $81,020.00.  (Declaration of Stephen R. Felson, ¶5)  Mr. Felson applies for reimbursement of $1,016.99 in expenses in connection with the prosecution of this litigation.  (Declaration of Stephen R. Felson, ¶7.)

### 3.    Kevin K. Russell

The lead attorney representing Plaintiff before the U.S. Supreme Court was Kevin K. Russell.

Kevin K. Russell's time in this litigation totaled 254.9 hours.  This amount of time is reasonable.  The standard hourly rate of $500.00 charged by Mr. Russell is appropriate for an attorney with his experience in this type of litigation in the U.S. Supreme Court.  The lodestar calculation for the efforts of Kevin K. Russell in this litigation is $127,450.00.  (Declaration of Kevin K. Russell, ¶ 9)  Mr. Russell applies for reimbursement of $5,110.80 in expenses in connection with the prosecution of this litigation.

### 4.  O. Randolph Bragg

Plaintiff's attorney O. Randolph Bragg expended 86.5 hours during the course of this litigation.  O. Randolph Bragg was co-lead counsel before this Court and primarily responsible for both the class and merits issues.  Mr. Bragg was not involved in the appeal of this matter to the Sixth Circuit or the U.S. Supreme Court.

This amount of time is reasonable.  The hourly rate of $400.00 is requested by Mr. Bragg is appropriate for an attorney with his experience in FDCPA class action litigation in the Northern District of Ohio.  ¶14, Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees.  *Livingston v. Cavalry Portfolio Services, LLC*, supra 2009 WL 4724268 at * 6.  See the Affidavits of Bruce B. Elfvin and Ronald Burdge.  Mr. Bragg's standard hourly rate is $480 per hour.  See: *Hunt v Imperial Merchant Services,* 2010 WL 3958726, * 6 (N.D. Cal., Oct. 7, 2010).  In 2008, the U.S. District Court for the Middle District of Tennessee has awarded Mr. Bragg attorney's fees at $450 per hour in an FDCPA case.  *Carroll v. United Compucred Collections*, 2008 WL 3001595 (M.D. Tenn., July 31, 2008).

Mr. Bragg's associate, Craig Shapiro, spent 1.9 hours on this litigation as an associate attorney.  The hourly rate sought for Mr. Shapiro is $225 per hour.  The lodestar calculation for the efforts of Craig Shapiro in this litigation is $427.50. (1.9 hours x $225/hr.)  Mr. Bragg's paralegal Shannon Carter spent 2.2 hours on this litigation. Ms. Carter's requested hourly rate is $110.00 per hour for a lodestar calculation of $242.00. (2.2 hours x $110/hr.) As the U.S. Supreme Court has observed, it is a "self-evident proposition that the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys." *Missouri v. Jenkins*, 491 U.S. 274, 285, 109 S. Ct. 2463, 2470, 105 L.Ed.2d 229, 241 (1989).

The lodestar calculation for Mr. Bragg, his associate, and paralegal totals $34,600.00. Mr. Bragg's firm also incurred $5,146.53 in costs and expenses of this litigation for class notification and administration.  <u>Exhibit B</u> to the Declaration of O. Randolph Bragg.

Thus, the lodestar calculation for the work of Plaintiff's counsel in this case totals $329,619.50 for attorneys fees and $13,792.29 in costs.

### C.   THE LODESTAR MAY NOT BE REDUCED <u>DUE TO THE AMOUNT OF THE JUDGMENT.</u>

In this case, Plaintiff seeks an award of attorney fees based upon the lodestar formula.

### 1.   Previously Established Rates <u>Are Appropriate For Plaintiff's Counsel.</u>

The Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." <u>Blum v. Stenson</u>, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases. . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." <u>Tolentino v. Friedman</u>, 46 F.3d 645, 653 (7th Cir. 1995).  Also, see <u>Adcock-Ladd v. Secretary of Treasury,</u> 227 F.3d 343 (6th Cir. 2000).

The Seventh Circuit reversed a district court's denial of attorney fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. <u>Zagorski v. Midwest Billing Services, Inc.</u>, 128 F.3d

1164 (7th Cir. 1997).  Of course, the amount of reasonable attorney fees awarded pursuant to the FDCPA is left to the sound discretion of the judge.  *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

As discussed above, in an FDCPA case, attorneys' fees in the Northern District of Ohio have been approved hourly rates in the range sought by Plaintiff's counsel here.  *Livingston v. Cavalry Portfolio Services, LLC*, *supra*.

### 2.    The Award of Attorney Fees Is Not Limited by the Amount of Damages.

As long as the consumer is successful, *i.e.*, here Plaintiff obtained judgment on the merits, the consumer should be awarded attorney fees pursuant to a lodestar calculation.  See: *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001).  "[T]he cumulative effect of petty violations ... may not be petty, and if this is right then the mere fact that the suit does not result in a large award of damages or the breaking of new ... ground is not a good ground for refusing to award any attorneys' fees." *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir.1997).

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves."  *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted).  Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, *supra*.  The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards.  Indeed, when a provision for attorney fees is

included in a regulatory act, it is recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees.  The Supreme Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies.  By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories, supra* at 1449.  "Congress has relied on such plaintiffs to act as private attorneys general." *Id.*, at 1450 n.13.  Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. . . . Indeed, several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted.").

. The amount of damages awarded often has borne no relation to the amount of attorney fees granted.  "[A]ttorney's fees awarded by district courts have `frequently outrun the economic benefits ultimately obtained by successful litigants.'"  *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541, 89 L.Ed.2d 747 (1986) (citation omitted).  The Sixth Circuit has agreed: "The attorney's fees are not limited by the amount of [the plaintiff]'s recovery." *Purtle v. Eldridge Auto*

14

*Sales, Inc.*, 91 F.3d 797, 802 (6th Cir. 1996).  The same should be true here.


### 3.        The Fee Awarded Should be Reasonable.

The Sixth Circuit has stated that the "primary concern in evaluating a request for attorney fees is that the fee awarded be reasonable." *Paschal v. Flagstar Bank*, FSB, 297 F.3d 431, 433 (6th Cir. 2002) (internal quotes omitted).  The district court did not abuse its discretion in awarding $160,766.80 in attorney fees based on 36 pages of descriptive billing; each page included detailed descriptions of how the attorney used the billed hours.  *Id*. at 434.  As the published decisions from this lawsuit demonstrate, Carlisle has opposed this litigation every step of the way including an unsuccessful interlocutory appeal to the United States Supreme Court.

In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), the Court enumerated 12 factors to be considered in assessing the reasonableness of an award of attorney fees.  *See* *Blanchard v. Bergeron,* 489 U.S. 87, 93, 103 L. Ed. 2d 67, 109 S. Ct. 939 (1989).  One such factor that the trial court may appropriately consider is "the experience, reputation, and ability of the attorneys." *Id*. at 489 U.S. at 91 n.5 & 93.  "This court has held that a trial court may apply the Johnson factors during its initial calculation of the attorney-fee award or when the court is considering a request for an enhancement." *Paschal v. Flagstar Bank, FSB, supra* at 435.  Based on this reasoning, the Sixth Circuit upheld a 50% increase of $80,000.00 to the lodestar fee.

The Eastern District of Wisconsin has stated, "[W]hen it comes time for the court to award the fees, it must not penalize [Plaintiff]'s attorneys for responding to [Defendant]'s defense.  . . . taking arguments seriously, preparing for depositions, and responding to summary judgment take

time, and time is expensive. Law is labor intensive; lawyers are paid for the diligence and the intelligence, commodities that cannot be mass produced on an assembly line." *Diettrich v. Northwest Airlines*, 967 F.Supp. 1132, 1135 (E.D.Wis. 1997), rev'd on other grounds, 168 F.3d 961 (7th Cir. 1999).

Here, Plaintiff's counsel "did not inflate this small case into a large one; its protraction resulted from the stalwart defense. And although defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost." *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). See also *In re Pine*, 705 F.2d 936, 938 (7th Cir. 1983). Because Carlisle has vigorously opposed Plaintiff's claims, including her appeals to the United States Court of Appeals for the Sixth Circuit and the Supreme Court, it must compensate Plaintiff's attorneys for the time, expenses, and costs expended on their successful efforts to overcome Carlisle's opposition.

The attorney fees requested by Plaintiff are reasonable.

**D. PLAINTIFF'S ATTORNEYS ARE ENTITLED TO
AN AWARD OF COSTS AND LITIGATION EXPENSES**

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. "[C]ertain out-of-pocket costs incurred by the plaintiffs' attorneys, including transportation, lodging, parking, food and telephone expenses" may be awarded. *Palmigiano v. Garrahy*, 707 F.2d 636, 637 (1st Cir. 1983). *See also Wriggelsworth v. Brumbaugh*, 129 F.Supp.2d 1106, 1109-10 (W.D. Mich. 2001) (award to a veteran).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C.

§1692k(a)(3). "As with attorneys fees, an award of costs and expenses, is also a matter left to the discretion of the trial court." *In re Rio Hair Naturalizer Prods. Liab. Litig*., 1996 U.S. Dist. LEXIS 20440, *57-*58 (E.D. Mich, Dec. 20, 1996). See: *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). "Properly included in an award of attorneys' fees are costs and fees for paralegals, out-of-pocket expenses, including travel, telephone, mailing, copying and computerized legal research expenses." *Sure Safe Indus. v. C&R Pier Mfg*., 152 F.R.D. 625, 626 (S.D. Cal. 1993). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. *See McCullough v. Cady*, 640 F.Supp. 1012, 1026 (E.D. Mich. 1986); *Libertad v. Sanchez*, 134 F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. *See Lathem v. Department of Children & Youth Servs*., 172 F.3d 786, 794 (11th Cir. 1999). Computer research costs are recoverable. *United Nuclear Corp. v. Cannon*, 564 F. Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.") Long distance telephone expenses have been awarded as costs. *See Davis v. Moss*, 1994 U.S. Dist. LEXIS 3233, *13 (M.D.Fla. 1994). Payment of copying costs is appropriate. *Levka v. City of Chicago*, 107 F.R.D. 230, 231 (N.D. Ill. 1985).

Thus, Plaintiff's litigation expenses and costs are compensable.

**E.    PLAINTIFF WILL SEEK A SUPPLEMENTAL AWARD OF COSTS, LITIGATION EXPENSES AND ATTORNEY FEES FOR TIME EXPENDED UPON THIS MOTION**

17

The Sixth Circuit has held:

> We conclude that implementation of Congressional policy requires the awarding of attorney's fees for time spent pursuing attorney's fees in the cases presently under review. This award should also include amounts for legal time spent defending and prosecuting the instant appeals.

*Weisenberger v. Huecker*, 593 F.2d 49, 54 (6th Cir. 1979), cert. denied 444 U.S. 880 (1979).

The Declarations submitted by Plaintiff's attorneys detail the costs, expenses and time expended in this litigation prior to the preparation of this motion and brief. The additional costs and time expended seeking an award of costs, litigation expenses, and attorney fees will be submitted within seven (7) days after completion of the briefing of this matter. "We conclude that attorney's fees may be awarded for time spent litigating the fee claim." *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979). "Counsel are entitled to full compensation, including the time spent pursuing requests for fees." *Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988). An award of fees is appropriate for the time expended in pursuing an award of attorney fees. *Haitian Refugee Center v. Meese*, 791 F.2d 1489, 1500-01 (11th Cir. 1986); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521 (D.C.Cir.1984) (hours reasonably devoted to request for fees are compensable); *Sierra Club v. EPA*, 769 F.2d 796 (D.C.Cir.1985) (outside attorney compensated at reasonable rate for preparation of fee petition); *Schuenemeyer v. United States*, 776 F.2d 329, 333 (Fed.Cir.1985) (attorney fees incurred in the preparation of fee application are compensable); *Tyler Business Services, Inc. v. N.L.R.B.*, 695 F.2d 73, 77 (4th Cir. 1982) (amount of recovery may include time spent preparing and prosecuting motion for attorney fees); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978). *Also see*, *Perez v. Perkiss*, 742 F.Supp. 883,

18

891-92 (D. Del. 1990) (attorneys fees in FDCPA case). Within seven (7) days after completion of briefing, Plaintiff's counsel will submit their Supplemental Declarations for an Award of Attorney Fees for time and expenses incurred in seeking an award of attorney fees and costs.

## V.    **CONCLUSION**

Because Plaintiff was successful in obtaining judgment on the underlying claims in this litigation, she should be awarded attorney fees and costs for the time and expenses detailed in the Declarations of her attorneys as set forth below:

| Attorney | Hour | Rate | Attorney Fees | Costs | Total |
|----------|------|------|---------------|-------|-------|
| Edward A. Icove | 214.70 | $400 | $85,880.00 | $2,616.99 | $88,496.97 |
| Stephen R. Felson | 210.55 | $400 | $81,020.00 | $1,016.99 | $82,036.99 |
| Kevin K. Russell | 254.9 | $500 | $127,450.00 | $5,011.80 | $132,461.80 |
| O. Randolph Bragg | 86.5 | $400 | $34,600.00 | | |
| Craig Shapiro | 1.9 | $225 | $427.50 | | |
| Shannon Carter | 2.2 | $110 | $242.00 | $5,146.53 | $40,416.03 |
| **TOTAL** | **770.75** | | **$329,619.50** | **$13,792.29** | **$343,411.79** |

In addition, Supplemental Declarations of the attorneys setting forth costs and attorney fees incurred after those submitted here will be filed within seven (7) days after the completion of briefing of this matter.

19

Respectfully submitted,


s/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, Illinois  60602
(312) 372-8822
(312) 372-1673 (FAX)
E-mail: rand@horwitzlaw.com
/s/ Edward A. Icove
Edward A. Icove
Icove Legal Group, Ltd.
50 Public Square, Suite 627
Terminal Tower
Cleveland, OH 44113
(216) 802-0000
E-mail: ed@icovelegal.com

/s/ Stephen R. Felson
Stephen R. Felson (0038432)
215 E. Ninth St., Suite 650
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
E-Mail: SteveF8953@aol.com

ATTORNEYS FOR PLAINTIFFS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 3, 2011, this document was filed electronically.  Also, notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this through the Court's system.

<u> s/ O. Randolph Bragg</u>
O. Randolph Bragg