IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KAREN L. JERMAN, individually and on behalf of others similarly situated, ) ) ) | CASE NO. 1:06-CV-01397 |
| ) | JUDGE PATRICIA A. GAUGHAN |
| Plaintiffs, ) ) | |
| v. ) ) | **FINAL APPROVAL ORDER** |
| CARLISLE, McNELLIE, RINI, KRAMER & ULRICH, *et al.*, ) ) ) | |
| Defendants. ) ) | |

On December 23, 2010, this Court approved a form of notice for mailing to the class. (ECF Doc. 52). The Court is informed that actual notice was sent by first-class mail to 3,694 class members with complete addresses on January 31, 2011 and sent to 201 class members with incomplete or questionable addresses on February 4, 2011. As of January 11, 2012, a total of 1,315 notices were returned by the United States Postal Service as undeliverable. As of January 11, 2012, 34 notices were returned by the United States Postal Service with a new address and were re-mailed. As of January 11, 2012, two (2) timely requests for exclusion have been received from:

    a.    Brandon Roberts of Cincinnati, Ohio; and

    b.    Barbara C. Meier of Marysville, Ohio.

(ECF Doc. 89-1). A total of 3,893 class members did not opt out of the settlement class. No objections to this Class Action Settlement have been received.

On December 19, 2011, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act of

2005, Defendants sent by certified mail notice of the proposed Class Action Settlement in this case to the Attorney General of the United States and the Attorney General of State of Ohio. No objections to this Class Action Settlement have been received from either the Attorney General of the United States or the Attorney General of State of Ohio, nor have any objections been filed with the Court.

On March 27, 2012, the Court held a fairness hearing. The Court, being fully advised in the premises, hereby orders:

    1.    The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

    2.    The Court finds that the settlement is fair, reasonable and adequate, and approves the Class Action Settlement Agreement submitted by the parties, including the release (ECF Doc. 88-1), and Orders as follows:

    a.    Within fifteen (15) days of the execution of the Class Action Settlement Agreement (ECF Doc. 88-1) by Plaintiff, Defendants shall provide Class Counsel Edward A. Icove with a check in the amount of $160,000. Within forty-five (45) days of this Order, Plaintiff shall cause to be sent by First Class, Inc.:

    i.    to each Class Member who did not timely opt out, a settlement check in the amount of $3.35 (the 3,893 Class Member's pro rata share of $13,052.25, which is equal to 1% of the aggregate of Defendants net worth); and

    ii.    to Plaintiff a check for $4,000.00.

    b.  The balance of the $160,000 will be distributed to pay Plaintiff's costs and reasonable attorneys' fees.  Plaintiff has also agreed to bear the cost of class notice and administration out of the balance of the $160,000.00.

  3.  The above funds shall be paid by check to Class Counsel Edward A. Icove within fifteen (15) days of the execution of the Class Action Settlement Agreement (ECF Doc. 88-1) by Plaintiff.  Settlement checks payable to the Class Members shall be void thirty (30) days after issuance.  Any remaining undistributed funds shall be distributed as a cy pres award to the Ohio Legal Assistance Foundation for use in consumer representation and education.

  4.  Effective upon, and in consideration of, the payments set forth in Paragraph 11(a), (b), and (c) of the Class Action Settlement Agreement (ECF Doc. 88-1), Plaintiff and the Class Members release the Defendants as follows:

  Plaintiff and the Class Members, on behalf of their heirs, family members, agents, successors, and assigns, hereby remise, release and forever discharge Defendant Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A. and all of its parent, subsidiary, or affiliated companies, shareholders, owners, former and present partners, directors, officers, agents, employees, representatives, attorneys, predecessors, successors, assigns, and insurers, and Defendant Adrienne S. Foster and her insurers, agents, employees, representatives, attorneys, heirs, executors, administrators, successors, assigns, and spouse of and from all claims, liabilities, and causes of action, without exception, regarding all injuries, damages, or expenses, past, or present, known or unknown, including any claims for payment of attorneys' fees and costs, and the consequences thereof arising out of, incidental to, or in any way connected with all

claims, liabilities, or causes of action which were alleged or could have been alleged by Plaintiff on behalf of herself or on behalf of the above-defined class (See paragraph 9) in the pleadings filed in Case Number 1:06-cv-01397 in the United States District Court for the Northern District of Ohio entitled *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, et al*.

5. The Court finds the Class Action Settlement Agreement (ECF Doc. 88-1) to be fair, reasonable and adequate under Fed. R. Civ. P. 23(e)(2) and made in good faith.

6. The Court dismisses the claims of Plaintiff and the Class Members against Defendants with prejudice and without costs (other than what has been provided for herein and in the Class Action Settlement Agreement).

7. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Class Action Settlement Agreement and this Final Approval Order.

/s/ Paticia A. Gaughan         Date: 3/27/12
The Honorable Patricia A. Gaughan
United States District Judge